**NICHOLAS M. WAJDA**
Nevada State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BLANCA Z. LOPEZ and MARIO J. WIGGINS,<br><br>Plaintiff(s),<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 2:21-cv-00364<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

NOW comes BLANCA Z. LOPEZ ("Blanca") and MARIO J. WIGGINS ("Mario"), (collectively "Plaintiffs"), by and through the undersigned attorney, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada and a substantial portion the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4.   Plaintiffs are consumers over-the-age of 18 residing within the District of Nevada.

5.   Defendant boasts to be a "[p]rofessional Collection Agency, providing services to the apartment industry."[1] Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the State of California.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted residential apartment lease ("subject debt") that Plaintiffs allegedly owed to Alpine Apartments ("Alpine").

8.   Due to unforeseeable financial difficulties, Plaintiffs fell behind on several obligations owed to various creditors.

---

[1] https://www.iqdata-inc.com/about-us

2

9.   Plaintiffs have worked tremendously in recent months in order to improve their credit and settle their debts.

10. Around November 2020, Plaintiffs began receiving calls from Defendant.

11. Defendant has called Plaintiffs mainly using the phone number (702) 720-2961, but upon belief, Defendant has used other phone numbers as well.

12.  Plaintiffs, through their contacts with Defendant, were informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13.  Plaintiffs were informed that the subject debt had a balance of approximately $459.55.

14.   Plaintiffs subsequently attempted to work out a settlement with Defendant in connection with the subject debt.

15.  Defendant advised that it could offer Plaintiffs a 10% reduction in the overall balance on the subject debt.

16.  Plaintiffs were unable to accept Defendants offer due to the nature of their finances.

17.  Before Plaintiffs could disconnect the call with Defendant, Defendant advised that if they did not accept the offer and pay the debt immediately, the subject debt would begin to accrue interest.

18.  When Plaintiffs asked how Defendant could add interest, Defendant refused to answer Plaintiffs question while belittling and mocking Plaintiffs.

19.  Defendant further advised that the 10% reduction offer was the best offer Plaintiffs would ever get in connection with the subject debt.

20.  Defendant used such deceptive and threating communications in order to coerce Plaintiffs into satisfying the subject debt.

3

21. Frustrated, distressed, and bothered over Defendant's conduct, Plaintiffs spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

22. As alluded to above, Plaintiffs have suffered concrete harm as a result of Defendant's conduct, including but not limited to, emotional distress, anxiety, aggravation that they were subjected to harassment in connection with the subject debt, lost time addressing Defendant's unlawful collection efforts, as a well as violations of their state and federally protected interests to be free from harassing, deceptive, and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiffs are "consumer(s)" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

4

29. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiffs during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed Plaintiffs when it attempted to collect upon the subject debt.

30. Defendant further violated § 1692d through the threats made to Plaintiffs that if they did not satisfy the subject debt immediately, then the subject debt would be subjected to added interest. These threats were made not with the intent to follow through, which is illustrated by Defendant's refusal to explain how it could add interest, but were instead designed to compel Plaintiffs' payment on the subject debt. Defendant made these threats in order to harass and oppress Plaintiffs into paying the subject debt despite being notified that they could not afford to satisfy the subject debt.

**b. Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §§ 1692e, e(5), and e(10) through its false threats to Plaintiffs. Defendant's threats suggested to Plaintiffs that they only way for Plaintiffs to avoid interest of the subject debt was to immediately satisfy the subject debt. However, Defendant's statement was demonstrably false because Plaintiffs asked Defendant to explain how it could add interest to the subject debt and Defendant refused to answer Plaintiffs' question. As such, Defendant made such threats not in a legitimate warning of action it intended to take, but instead to unduly increase the

5

pressure on Plaintiffs to address the subject debt even after being put on notice that Plaintiffs could not afford to satisfy the subject debt.

34. Defendant further violated §1692e and e(10) when it deceptively represented that the offer to provide Plaintiffs with a 10% reduction in the overall balance of the subject debt would be the best offer Defendant would ever provide Plaintiffs. Upon information and belief, it is Defendant's pattern and practice to routinely offer consumers more than 10% reductions in the overall balance of the debts upon which Defendant attempts to collect, and thus Plaintiffs would have received a more favorable offer from Defendant down the line. Defendant engaged in its deceptive and misleading representations in an effort to increase the take-it-or-leave-it nature of its settlement offer, in turn hoping compel Plaintiffs to pay more on the subject debt than they were otherwise financially able to afford.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly threatened and harassed Plaintiffs. Defendant made these unfair threats and harassing remarks in order to scare Plaintiffs into making a payment on the subject debt when they could not afford to.

37. Defendant further violated § 1692f when it unfairly misrepresented the settlement offers that would be available to Plaintiffs.

38. As pled above, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, BLANCA Z. LOPEZ and MARIO J. WIGGINS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

6

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 3, 2021                          Respectfully submitted,

/s/ Nicholas M. Wajda
Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*