WING YAN WONG, ESQ.
Nevada Bar No. 13622
GORDON REES SCULLY MANSUKHANI, LLP
300 So  4th Street, Suite 1550
Las Vegas, Nevada  89101
Telephone:  (702) 577-9300
Direct:  (702) 577-9310
Facsimile:  (702) 255-2858
E-Mail: wwong@grsm.com
*Attorney for I.Q. Data International, Inc.*

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV  89101

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BLANCA Z. LOPEZ and MARIO J. WIGGINS, | ) | Case No.:  2:21-cv-00364-JCM-VCF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANT IQ DATA** |
| vs. | ) | **INTERNATIONAL, INC'S** |
| | ) | **ANSWER TO COMPLAINT** |
| I.Q. DATA INTERNATIONAL, INC., | ) | **(ECF NO. 1)** |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |
| | ) | |
| | ) | |

Defendant I.Q. Data International, Inc. ("IQ Data") by and through its attorney, Wing Yan Wong, Esq. of the law firm of Gordon & Rees LLP, answers Blanca Lopez's and Mario Wiggins' Complaint (ECF No. 1) as follows:

**NATURE OF THE ACTION**

1.      Answering Paragraph 1 of the Complaint, IQ Data admits only that Plaintiffs purport to bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Answering further, IQ Data denies that it violated said Act, denies that it is guilty of any unlawful conduct, and denies that Plaintiffs are entitled to damages.

2.      Answering Paragraph 2 of the Complaint, IQ Data admits that Plaintiffs have brought this action pursuant to the FDCPA and while it denies that it violated said Act, IQ Data admits this Court has jurisdiction over this action.

3.      Answering Paragraph 3 of the Complaint, IQ Data denies the acts alleged in the Complaint, but admits that venue is proper in this District.

-1-

**PARTIES**

4. The allegations contained in paragraph 4 of the Complaint are legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies same.

5. IQ Data admits that its principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Answering further, IQ Data admits that it provides debt collection services and that is sometimes collects upon consumers located within the State of Nevada. IQ Data denies the remaining allegations in paragraph 5 of the Complaint.

6. IQ Data admits that, generally speaking, it can act through its employees and officers. Answering further, IQ Data lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and on that basis denies same.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Answering Paragraph 7 of the Complaint, IQ Data admits that Plaintiffs incurred a debt originally owed to Alpine Apartments. Answering further, IQ Data denies that it violated the Fair Debt Collection Practices Act in connection with the outstanding debt.

8. Answering Paragraph 8 of the Complaint, IQ Data admits that Plaintiffs fell behind on the debt owed to Alpine Apartments. Answering further, IQ Data lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and on that basis denies same.

9. IQ Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies same.

10. IQ Data admits that it made telephone calls to Blanca Lopez relative to a debt owed to Alpine Village Apartments. IQ Data denies that it attempted to collect a debt owed by Mario Wiggins and denies the remaining allegations in paragraph 10 of the Complaint.

11. IQ Data lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies same.

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1    12.    Answering Paragraph 12 of the Complaint, IQ Data admits that, in speaking with

2    Blanca Lopez or Mario Wiggins, it would have informed them that it was a debt collector, that

3    the call was an attempt to collect a debt, and that any information obtained would be used for

4    that purpose.

5    13.    IQ Data admits the allegations contained in paragraph 13 of the Complaint.

6    14.    IQ Data admits only that Blanca Lopez and Mario Wiggins requested to pay a

7    percentage of the total balance. Answering further, IQ Data lacks knowledge or information

8    sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14

9    of the Complaint, and on that basis denies same.

10    15.    IQ Data admits the allegations contained in paragraph 15 of the Complaint.

11    16.    IQ Data admits that Plaintiffs did not accept the referenced reduction in the

12    overall balance. Answering further, IQ Data lacks sufficient lacks knowledge or information to

13    form a belief as to the truth of the remaining allegations contained in paragraph 16 of the

14    Complaint, and on that basis denies same.

15    17.    IQ Data admits that, while speaking with Mario Wiggins, IQ Data advised that the

16    unpaid debt would accrue interest. IQ Data denies that this communication violated the FDCPA

17    and denies the remaining allegations in paragraph 17 of the Complaint.

18    18.    IQ Data denies the allegations contained in paragraph 18 of the Complaint.

19    19.    IQ Data denies the allegations contained in paragraph 19 of the Complaint.

20    20.    IQ Data denies the allegations contained in paragraph 20 of the Complaint.

21    21.    IQ Data denies the allegations contained in paragraph 21 of the Complaint.

22    22.    IQ Data denies the allegations contained in paragraph 22 of the Complaint.

23    **COUNT 1 – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24    23.    IQ Data incorporates by reference its answers to the foregoing paragraphs 1

25    through 22 as if they were fully pleaded herein.

26    24.    The allegations contained in paragraph 24 of the Complaint are legal conclusions

27    that do not require a specific factual admission or denial. To the extent a response is deemed

28    necessary, IQ Data denies the allegations in paragraph 24 of the Complaint.

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1   25.     The allegations contained in paragraph 25 of the Complaint are legal conclusions

2   that do not require a specific factual admission or denial. To the extent a response is deemed

3   necessary, IQ Data lacks knowledge or information sufficient to form a belief as to the truth of

4   the allegations contained in paragraph 25 of the Complaint, and on that basis denies same.

5   26.     IQ Data admits that it sometimes attempts to collect debts owed to others and

6   denies the remaining allegations in paragraph 26 of the Complaint.

7   27.     The allegations contained in paragraph 27 of the Complaint are legal conclusions

8   that do not require a specific factual admission or denial. To the extent a response is deemed

9   necessary, IQ Data lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations contained in paragraph 27 of the Complaint, and on that basis denies same.

11   **a. Violations of FDCPA § 1692d**

12   28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions

13   that do not require a specific factual admission or denial. To the extent a response is deemed

14   necessary, IQ Data admits only that Plaintiffs purport to cite a portion of the FDCPA, 15 U.S.C.

15   §1692d. Answering further, IQ Data denies it violated the FDCPA.

16   29.     IQ Data denies the allegations contained in paragraph 29 of the Complaint.

17   30.     IQ Data denies the allegations contained in paragraph 30 of the Complaint.

18   **b. Violation of FDCPA § 1692e**

19   31.     The allegations contained in paragraph 31 of the Complaint are legal conclusions

20   that do not require a specific factual admission or denial. To the extent a response is deemed

21   necessary, IQ Data admits only that Plaintiffs purport to cite a portion of the FDCPA, 15 U.S.C.

22   §1692e. Answering further, IQ Data denies it violated any section of the FDCPA.

23   32.     The allegations contained in paragraph 32 of the Complaint are legal conclusions

24   that do not require a specific factual admission or denial. To the extent a response is deemed

25   necessary, IQ Data admits only that Plaintiffs purport to cite a portion of the FDCPA, 15 U.S.C.

26   §1692e. Answering further, IQ Data denies it violated any section of the FDCPA.

27   33.     IQ Data denies the allegations contained in paragraph 33 of the Complaint.

28   34.     IQ Data denies the allegations contained in paragraph 34 of the Complaint.

**c. Violation of FDCPA § 1692f**

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, IQ Data admits only that Plaintiffs purport to cite a portion of the FDCPA, 15 U.S.C. §1692f. Answering further, IQ Data denies it violated any section of the FDCPA.

36.     IQ Data denies the allegations contained in paragraph 36 of the Complaint.

37.     IQ Data denies the allegations contained in paragraph 37 of the Complaint.

38.     IQ Data denies the allegations contained in paragraph 38 of the Complaint.

WHEREFORE, IQ Data denies that Plaintiffs are entitled to any relief, including the relief requested in the prayer for relief in subparagraphs (a) through (f), inclusive.

**AFFIRMATIVE DEFENSES**

Defendant IQ Data International, Inc., pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiffs' Complaint, for its Affirmative Defenses hereby states as follows:

1.     Defendant substantially complied in good faith with all applicable provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and is entitled to each and every defense afforded to it by the FDCPA. Specifically, if Defendant committed any violation of the Fair Debt Collection Practices Act, which is expressly denied, it was the result of a *bona fide* error under 15 U.S.C. § 1692k(c), notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2.     IQ Data asserts that Plaintiffs have not incurred an injury in fact, and further assert Mario Wiggins is not a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA. Plaintiffs do not therefore have standing under Article III of the United States Constitution to bring the instant claims.

3.     Any recovery to Plaintiffs, which IQ Data denies is appropriate, should be set-off by the amount that the Plaintiffs owe on the underlying account.

4.     The Complaint and each purported cause of action alleged therein against IQ Data

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV  89101

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1    are barred by Plaintiffs' own conduct, actions, omissions and inaction which amount to and

2    constitute a waiver or consent of such claims and any relief sought thereby.

3         5.    Plaintiffs' claims are barred because they failed to mitigate their damages.

4         6.    To the extent IQ Data has made any misrepresentation, which is expressly denied,

5    it was not a "material" false or misleading statement; therefore, Plaintiffs' alleged claim is not

6    actionable under the FDCPA. *Donohue v. Quick Collect, Inc.,* 592 F. 3d 1027 (9th Cir. 2010).

7         7.    Any violation of the law or damage suffered by Plaintiffs, which IQ Data denies,

8    was due to the affirmative actions and/or omissions of Plaintiffs or others, and does not give rise

9    to any liability of IQ Data.

10        8.    In the event that Plaintiffs are able to adequately plead an actionable claim under

11   the FDCPA, their entitlement to statutory damages is capped at $1,000.00 per action, not per

12   violation. *Kuhn v. Account Control Tech., Inc*., 865 F. Supp. 1443, 1454 (D. Nev. 1994);

13   *Goldberg v. Cent. Credit Mgmt., Inc.*, 2:11-CV-00305-MMD, 2012 WL 6042194, at *6 (D. Nev.

14   Dec. 3, 2012); *Irvine v. I.C. Sys.*, 198 F. Supp. 3d 1232, 1238 (D. Colo. 2016).

15        9.    Plaintiffs are not entitled to equitable relief because they have an adequate remedy

16   at law.

17        10.   All possible affirmative defenses may not have been alleged herein insofar as

18   sufficient facts were not available after reasonable inquiry upon the filing of this Answer and,

19   therefore, IQ Data reserves all rights to amend this Answer to allege additional affirmative

20   defenses if subsequent investigation so warrants.

21        WHEREFORE, having answered Plaintiffs' Complaint, IQ Data International, Inc.

22   respectfully requests that all claims be dismissed and that judgment entered in its favor for costs,

23   expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

24   / / /

25   / / /

26   / / /

27

28                          / / /

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1                                     **JURY DEMAND**

2       IQ Data International, Inc. demands trial by a jury on all issues triable by a jury.

3 DATED this 4th day of May, 2021,

4
                                          GORDON REES SCULLY

5                                           MANSUKHANI, LLP

6

7                                         /s/ Wing Yan Wong
                                        Wing Yan Wong, Esq.

8                                         Nevada Bar No. 13622
                                        300 So. 4th  Street, Suite 1550

9                                         Las Vegas, Nevada 89101
                                        *Attorney for I.Q. Data International, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1

2

## CERTIFICATE OF SERVICE

3

I HEREBY CERTIFY that on the 4th day of May, 2021, and pursuant to Fed. R. Civ.

4

Pro. 5, I served via CM/ECF and/or deposited for mailing in the U. S. Mail, a true and correct

5

copy of the foregoing **DEFENDANT IQ DATA INTERNATIONAL, INC'S ANSWER TO**

6

**PLAINTIFFS' COMPLAINT (ECF NO. 1)** upon those persons designated by the parties in the

7

E-Service Master List, as follows:

8

9

Nicholas M. Wajda, Esq.
LAW OFFICES OF NICHOLAS M. WAJDA, ESQ.
871 Coronado Center Drive, Ste., 200
Henderson, NV 89052
*Attorney for the Plaintiffs*

10

11

12

13

14

*/s/ Gayle Angulo*
An Employee of GORDON REES SCULLY
MANSUKHANI, LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28